UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| ALAMO HEIGHTS BAPTIST CHURCH | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 7:19-CV-227 |
| AGCS MARINE INSURANCE COMPANY. | § § § | |
| Defendant. | § § § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant AGCS Marine Insurance Company ("AGCS"), pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, hereby removes to this Court the civil action now pending in the 318th Judicial District of Midland County, Texas, entitled "In re: Policy of Insurance No. MXI93082125 by and between AGCS Marine Insurance Company, Insurer and Alamo Heights Baptist Church Insured," Cause No. CV55973, on the following grounds:

### I.
### PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1.  Plaintiff Alamo Heights Baptist Church ("Alamo") filed an application to appoint umpire against Defendant AGCS Marine Insurance Company ("AGCS") in Midland County, Texas on September 5, 2019. The District Clerk of Midland County gave this case cause number CV55973 and assigned the case to the 318th Judicial District. (Pl.'s App., Ex. A-1).

2.  Alamo then obtained an ex parte order appointing an appraiser within four days after filing its application.

3. This notice of removal is being filed within 30 days of the date on when Plaintiff filed its Application and when AGCS received a copy through service or otherwise. Therefore, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

## II.
## FACTUAL BACKGROUND

4. This case involves a dispute regarding the amount of damages in an insurance claim filed with AGCS by Alamo. Alamo demanded appraisal of the claim in a letter dated July 29, 2019 but the letter was not postmarked until August 9, 2019 and not received by AGCS until August 14, 2019.

5. AGCS promptly responded to Alamo's demand for appraisal on August 19, 2019 appointing Brett Lochridge as its appraiser. Before the parties' respective appraisers had a chance to confer, as the policy requires regarding the appointment of the umpire, Alamo filed an application asking the state court to appoint an umpire in an appraisal between Alamo and AGCS.

6. On September 9, 2019, the trial court issued an ex parte order naming an appraiser proposed by Alamo.

## III.
## BASIS FOR REMOVAL: DIVERSITY JURISIDICTION

A. **The requirements for diversity removal jurisdiction**

7. To establish diversity removal jurisdiction, AGCS must show that: (1) complete diversity exists between all the properly joined parties; (2) the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees; and (3) removal is timely.

B. **AGCS satisfies all three requirements for diversity removal**

    1. **Complete diversity exists between the parties**

8. Complete diversity exists between Alamo and AGCS. Plaintiff Alamo Heights Baptist Church was at the time of the Application, and at the date of this Notice remains, a

corporation domiciled in the State of Texas with its principal place of business in Texas and therefore, is a citizen of Texas for diversity jurisdiction purposes.[1]

9. AGCS was, at the time the Application was filed, and at the date of this Notice remains, a foreign corporation organized under the laws of the State of Illinois and maintains its principal place of business in the State of Illinois. Accordingly, AGCS is a citizen of Illinois for diversity jurisdiction purposes.

10. Because Alamo is a Texas citizen and AGCS is a citizen of Illinois, complete diversity exists between the parties.

**2.  The Amount in Controversy exceeds $75,000.00 exclusive of interest, costs and attorneys' fees**

11. Alamo does not allege an amount in controversy in its Application; however, Alamo recently sent an estimate to AGCS in the amount of $683,408.85. (Ex. B). AGCS's replacement cost value for the same property totals $162,674.22, for a difference of over $500,000.00 Therefore, it is evident that Alamo seeks an amount in excess of $75,000.00, excluding interest, costs and attorneys' fees, in this dispute. As such, the statutory requirements for the amount in controversy in this case is satisfied. *See* 28 U.S.C. § 1332(a).

**3.  This Notice of Removal is timely under 28 U.S.C § 1446(b)(3)**

12. As noted above, this notice of removal is being filed within 30 days of the date on which the application was filed and when AGCS received a copy of it through service or otherwise. Therefore, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

---

[1] *See* Plaintiff's Application, p. 2 ¶ 4 at Exhibit A-1.

**DEFENDANT'S NOTICE OF REMOVAL**     Page 3

## IV.
## AGCS HAS SATISFIED PROCEDURAL AND VENUE REQUIREMENTS FOR REMOVAL

13. This Court has diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446 because there is diversity of citizenship between the parties, the amount in controversy exceeds $75,000.00, exclusive of interests, costs and attorneys' fees, and the removal is timely.

14. As required by 28 U.S.C. § 1446(a), copies of all processes, pleadings, orders, docket sheet, and other papers for this case on file in the 318th District Court of Midland County, Texas are attached collectively as Exhibit A (*See* Ex. C, Index).

15. Midland County, Texas is located within the Western District of Texas, Midland/Odessa Division. Venue for this action is proper in this Court because the Western District of Texas, Midland/Odessa Division is "the district and division embracing the place where such action is pending." 28 U.S.C. §§ 1441(a) & 1446(a).

16. Immediately upon filing this Notice of Removal, written notice of the filing of this Notice will be served on Plaintiff's counsel, as required by 28 U.S.C. § 1446(d).

17. Defendant will promptly file a notice of this Notice of Removal and a copy of this Notice with the Midland County District Clerk's office as required by 28 U.S.C. § 1446(d).

## V.
## CONCLUSION

18. This Court has jurisdiction over this matter under 28 U.S.C. § 1332 because it is a civil action between citizens of different states in which the amount in controversy exceeds $75,000.00, exclusive of interests, costs and attorneys' fees. Therefore, Defendant AGCS Marine Insurance Company gives notice that the matter bearing Cause No. CV55973 in the 318th Judicial District of Midland County, Texas is removed to the United States District Court for the Western

District of Texas, Midland/Odessa Division. AGCS requests that this court retain jurisdiction for all further proceedings in this matter.

Respectfully submitted,

**ZELLE LLP**

By: */s/ Brett A. Wallingford*
Brett A. Wallingford
Texas Bar No. 00797618
bwallingford@zelle.com
Raven M. Atchison
Texas Bar No. 24073864
ratchison@zelle.com

901 Main Street, Suite 4000
Dallas, TX  75202-3975
Telephone:   214-742-3000
Facsimile:   214-760-8994

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record in this case on October 4, 2019 electronically through the electronic filing manager.

*/s/ Brett A. Wallingford*
Brett A. Wallingford